NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 250662-U

NO. 4-25-0662

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 25, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| JOYCE LAPIER, ROBERT E. WAGNER, and JEFFREY L. WAGNER, | ) ) | Appeal from the Circuit Court of |
|     Plaintiffs-Appellees, | ) | Ogle County |
|     v. | ) | No. 23MR14 |
| DAWN L. VALDES-WAGNER, | ) | |
|     Defendant-Appellant. | ) ) ) | Honorable Anthony Peska, Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Doherty and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court reversed and remanded for further proceedings, concluding the trial court's entry of a default judgment against defendant for the sum of $313,400 plus court costs amounted to an abuse of its discretion where defendant appeared and denied the allegations which formed the basis for a monetary judgment.

¶ 2    Defendant, Dawn L. Valdes-Wagner, appeals the trial court's entry of a default judgment against her for the sum of $313,400 plus court costs. For the reasons that follow, we reverse and remand for further proceedings.

¶ 3                           I. BACKGROUND

¶ 4    In March 2023, plaintiffs, Joyce Lapier, Robert E. Wagner, and Jeffrey L. Wagner, filed a "Petition to Remove Trustee." In the petition, plaintiffs alleged defendant, the trustee of the Wagner Family Trust No. 5-19, refused to provide a "sufficient accounting" and the records which defendant did provide included unexplained expenditures. Plaintiffs sought, in part, (1) the

removal of defendant as trustee and (2) a proper accounting from defendant.

¶ 5        Defendant appeared *pro se* and filed, among other things, an answer to plaintiffs' petition. Plaintiffs, in response, filed a motion to strike defendant's answer on the grounds she was not permitted to proceed *pro se* as a fiduciary. Thereafter, defendant voluntarily resigned her position as trustee, and the trial court struck defendant's answer.

¶ 6        In September 2023, plaintiffs filed a "Motion for Finding of Default." Plaintiffs asserted defendant failed to timely answer their petition. Plaintiffs requested an order "finding [defendant] in default and continuing this matter for proof of the matters alleged in the petition." Following an October 2023 hearing, the trial court entered a "Finding and Order of Default." The court found defendant had failed to timely answer plaintiffs' petition and, therefore, she was in default. The court continued the matter for "prove-up."

¶ 7        Defendant appealed the finding and order of default and, in November 2023, this court dismissed defendant's appeal. *Lapier v. Valdes-Wagner*, No. 4-23-1255 (2023) (order).

¶ 8        In January 2024, plaintiffs filed a "Motion for Default Judgment." Plaintiffs alleged an affidavit of Jeffrey Wagner, which was attached to the motion, detailed unexplained financial dealings and waste by defendant as trustee. Plaintiffs sought, in part, (1) an order "finding [defendant] to be surcharged in the total sum of $314,000" and (2) "a money judgment be entered against [defendant] for all such sums as are not properly accounted for."

¶ 9        In February 2024, counsel entered an appearance on behalf of defendant. Counsel later filed responses to plaintiffs' petition to remove trustee and motion for default judgment. With respect to the response to plaintiffs' motion for default judgment, defendant denied the allegations which formed the basis for the requested monetary judgment.

¶ 10       In July 2024, new counsel entered an appearance on behalf of defendant.

Thereafter, the trial court granted several continuances to allow counsel to meet with defendant and review the case. In January 2025, counsel stated to the court that defendant had been "putting together all the financials" and reported having a "binder full of the financials." Then, in February 2025, counsel stated to the court that defendant had provided two binders totaling approximately 800 pages, which counsel needed to provide to plaintiffs' counsel. Counsel also stated defendant had recently been hospitalized.

¶ 11    In May 2025, the trial court held a hearing on plaintiffs' motion for default judgment. Plaintiffs' counsel stated he received two binders from defendant's counsel, one of which did not have a single bill or receipt and "deal[t] with a prior lawsuit [defendant] had and records" from her prior appeal. Counsel further stated only one $600 receipt for a dumpster was discovered in the binders. In response, defendant's counsel asked for a continuance to review the binders with defendant. Counsel stated he needed to meet with defendant to understand the significance of the documents in the binders and had been unable to do so because defendant was hospitalized for most of the prior five months. Counsel further stated, although defendant was released from the hospital two days prior, she was presently unable to be around others due to the risk of infection. Plaintiffs' counsel, in response to the request for a continuance, asserted defendant could have addressed the documents with her counsel between July and December 2024. After noting the lack of progress since the filing of plaintiffs' motion, the court found "default" was proper. It granted plaintiffs' motion, entered an "Order of Default and Judgment" against defendant for the sum of $313,400 plus court costs and terminated the case.

¶ 12    This appeal followed.

¶ 13                    II. ANALYSIS

¶ 14    On appeal, defendant argues the trial court erred in entering a default judgment

- 3 -

against her. Plaintiffs disagree.

¶ 15      A trial court may enter a default judgment "for want of an appearance, or for failure to plead, but the court may in either case, require proof of the allegations of the pleadings upon which relief is sought." 735 ILCS 5/2-1301(d) (West 2024). "[A] default judgment is a drastic measure, not to be encouraged and to be employed only as a last resort." *Dupree v. Hardy*, 2011 IL App (4th) 100351, ¶ 57. Indeed, "Illinois public policy prefers to decide legal issues on their merits." *Id.* ¶ 59.

¶ 16      A trial court's decision to enter a default judgment will not be disturbed on review absent an abuse of discretion. *Id.* ¶ 51. An abuse of discretion will be found where a decision "exceeds the bounds of reason and ignores principles of law such that substantial prejudice has resulted." (Internal quotation marks omitted.) *Id.*

¶ 17      In this case, the trial court entered a default judgment against defendant for the sum of $313,400 plus court costs. A monetary judgment was not, however, sought in the underlying pleading—plaintiffs' petition. Plaintiffs first requested a monetary judgment in their motion for default judgment. The filing of that motion was, in effect, an attempt to amend their petition to seek a monetary judgment. Following the purported amendment, defendant appeared with counsel and denied the allegations which formed the basis for the requested monetary judgment. Given defendant's appearance and denial of the allegations which formed the basis for a monetary judgment, we conclude the court's entry of a default judgment against defendant for the sum of $313,400 plus court costs amounted to an abuse of its discretion.

¶ 18      We note, even if we were to construe the trial court's entry of a default judgment as a sanction, the judgment still could not be sustained, as the events following the filing of the motion for default judgment do not support a finding that defendant's actions were a deliberate,

- 4 -

contumacious, or unwarranted disregard of the court's authority. See *Shimanovsky v. General Motors Corp.*, 181 Ill. 2d 112, 123 (1998) ("[A] sanction which results in a default judgment is a drastic sanction to be invoked only in those cases where the party's actions show a deliberate, contumacious or unwarranted disregard of the court's authority.").

¶ 19　　　　We also note although defendant's argument on appeal primarily focused on the trial court's October 2023 finding and order of default, that order is not properly before this court. While, with respect to that order, the court made a finding of default concerning the request for an accounting raised in plaintiffs' petition, it continued the matter for "prove-up," which never occurred. See *In re Haley D.*, 2011 IL 110886, ¶ 64 ("A default order is not the same as a default judgment. A default order precedes a default judgment, and additional steps must normally be taken before judgment is actually entered."). Instead, plaintiffs filed their motion for default judgment, which sought newly requested relief—a monetary judgment. Accordingly, we do not address the court's October 2023 finding and order of default.

¶ 20　　　　As a final matter, after the briefing in this appeal was completed and the case was submitted for disposition, defendant's counsel filed a notice that defendant had died. On remand, defendant's estate should be substituted as a party if plaintiffs continue to pursue their claims.

¶ 21　　　　　　　　　　　　　　III. CONCLUSION

¶ 22　　　　For the reasons stated, we reverse the trial court's judgment and remand for further proceedings.

¶ 23　　　　Reversed; cause remanded.